UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANTHONY NUNALLY, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0319 AS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about May 26, 2005, *pro se* petitioner, Anthony Nunally, an inmate at the Westville
Correctional Facility (WCF) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C.
§2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on
December 22, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100
(7th Cir. 1982). Nunally filed a traverse on April 10, 2006.

This petitioner is entitled to the benefits of *Houston v. Lack,* 487 U.S. 266 (1988) to the
extent that that might help him. In this case the Attorney General of Indiana is arguing for the
application of a statute of limitations under 28 U.S.C. §2244 of the Anti-Terrorism and Effective
Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). The AEDPA came into full being on April 24,
1997.

DISCUSSION

Nunally's petition is governed by 28 U.S.C. §2254(d), as amended by the Antiterrorism and
Effective Death Penalty Act ("AEDPA"), which sets a high hurdle for habeas relief. Section
2244(d)(1) imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief.

Specifically, it states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
> *Id*.

The one-year statute of limitations begins to run from the latest of several events. As relevant here, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).

For purposes of calculating the limitation period, the Court must determine when Nunally's direct criminal appeal was, or would have been, concluded. Nunally's judgment of conviction became final on July 3, 2002, when the time to seek an appeal in the United States Supreme Court expired. *See Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987). Nunnally had until July 4, 2003 to file either his petition for writ of habeas corpus or a state petition for post conviction relief which

2

would toll the statute of limitations. 28 U.S.C.§ 2244(d)(1)(A).

Nunally filed a petition for state post-conviction relief on February 14, 2003. That state proceeding tolled the statute of limitations. The court notes that at the time Nunally filed his petition for state post-conviction relief 230 days of post-AEDPA time had run. The statute of limitations began again on February 18, 2003 when the trial court denied the petition. Pursuant to *Tinker v. Hanks*, 255 F.3d 444 (7th Cir. 2001), Nunally's attempt to file a petition for successive post conviction relief did not toll the statute of limitations. By the time Nunally filed this petition on May 26, 2005, over one year of post-AEDPA time had run without a qualifying state court proceeding to toll the statute of limitations.

Nunally has not presented any argument that he was unable to raise these claims because of any impediment created by the state, nor are the claims founded on new law made retroactively applicable to cases on collateral review, or founded on facts that could not previously have been discovered with the exercise of due diligence. Accordingly, Nunally's petition for writ of habeas corpus is untimely and his claims are time-barred.

For these reasons, this petition is DENIED.

IT IS SO ORDERED.
ENTERED: April 18, 2006

　　　　　　　　　　　　　　　　　　　　S/ ALLEN SHARP
　　　　　　　　　　　　　　　　　　　　ALLEN SHARP, JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT